Steven J. Nataupsky (SBN 155,913)
Steven.Nataupsky@kmob.com
Perry D. Oldham (SBN 216,016)
Perry.Oldham@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Karen Vogel Weil (SBN 145,066)
Karen.Weil@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1901 Avenue of the Stars, Suite 1500
Los Angeles, CA 90067
Phone (310) 551-3450
Facsimile: (310) 551-3458

Attorneys for Defendants
CHRISTIAN AUDIGIER, INC.; NERVOUS TATTOO, INC.;
SHOP ON STAGE, INC.; AND CHRISTIAN AUDIGIER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRYAN CALLAN, an Individual, | Civil Action No. |
| Plaintiff, | CV08-8072 GW (JWJx) |
| v. | **PROTECTIVE ORDER** |
| CHRISTIAN AUDIGIER, INC., a California Corporation; NERVOUS TATTOO, INC., a California Corporation; SHOP ON STATE, INC., a California Corporation; CHRISTIAN AUDIGIER, an Individual; and DOES 1-10, inclusive, | **NOTE CHANGES BY THE COURT** <br><br> Discovery Cutoff: August 7, 2009 <br> Pretrial Conference: <br>     November 23, 2009 <br> Trial: December 8, 2009 |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | Magistrate Judge Jeffrey W. Johnson |

WHEREAS discovery (including depositions and answers to interrogatories and document requests) in the above-entitled action may involve the production or disclosure of trade secrets; confidential research; or sensitive commercial, financial, or business information by parties to this action; and

WHEREAS it is in the interests of the parties and the Court to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure, ORDERED:

1. (a) As used in this Order, the term "discovery material" may encompass all information contained in documents, things, computer data and reports, deposition testimony and exhibits, interrogatory answers, responses to requests for admission, pleadings, motions, briefs, affidavits, and any other written, recorded, computerized electronic, transcribed or graphic matter produced by any party or obtained by any party during discovery in this Action, and any copies thereof.

(b) "Producing party" and "designating party" include any person whether or not a party who provides discovery material.

(c) "Action" means *Bryan Callan v. Christian Audigier, Inc., et al.,* Case No. CV 08-8072 GW (JWJx), pending in the United States District Court for the Central District of California.

2. This Order shall apply to discovery material that has been designated "Confidential" and "Attorneys' Eyes Only" pursuant to this Order.

## **DESIGNATION OF DISCOVERY MATERIALS**

3. Any party or nonparty may designate as "Confidential" or "Attorneys' Eyes Only" in the manner set forth in Paragraphs 4 and 5, infra, discovery materials that have been or will be made available in this action.

Discovery material designated "Confidential" and "Attorneys' Eyes Only" shall be collectively referred to as "Confidential Information".

4. A party shall use the designation "Confidential" only with respect to nonpublic discovery materials that the party reasonably and in good faith believes are confidential, proprietary, or which contain or constitute one or more trade secrets.

5. A party shall use the designation "Attorneys' Eyes Only" only with respect to discovery materials that the party reasonably believes qualify as "Confidential" under the terms of this Order, and contain competitively sensitive business or financial information. The designation "Attorneys Eyes Only" may not be used on pictures of items sold by Defendants, or the items themselves. While the designation "Attorneys' Eyes Only" may be used on Defendants' documents containing profitability information, such designation may not be used for profit numbers, in the form maintained by Defendants, on an item-by-item basis. Any such profit numbers produced by Defendants may be used by Plaintiff solely for purposes of discussing with his attorneys settlement of this case and calculation of damages, and for no other purpose.

## **PERSONS TO WHOM DESIGNATED MATERIALS MAY BE DISCLOSED**

6. Discovery material designated "Confidential" may be inspected and disclosed only to the following persons, and may be used by such persons solely for the purposes of this Action and for no other business or other purposes whatsoever:

(a) officers, directors, or employees of the party who are responsible for instructing and/or assisting counsel in the prosecution or defense of this action, provided that such persons shall be given a copy of this Order, advised that they are bound by it, and sign Exhibit A;

(b) outside counsel for the parties in this action;

|     |     |
| --- | --- |
| *1*  | (c) employees of such counsel engaged in assisting counsel in |
| *2*  | the preparation of this action, including secretaries, paralegals, and legal |
| *3*  | assistants; |
| *4*  | (d) court officials involved in the action, including court |
| *5*  | reporters and persons operating video recording equipment at depositions; |
| *6*  | (e) any person (and such person's counsel) (1) who was an |
| *7*  | author or recipient of the discovery material in question, (2) who is an |
| *8*  | employee of the employer of the author or recipient of the discovery |
| *9*  | material in question, or (3) who was an employee of the employer of the |
| *10* | author or recipient of the discovery material in question at the time of the |
| *11* | discovery material's creation; provided, however, that, if such person is |
| *12* | not a current employee, he or she (and his or her counsel) shall be given a |
| *13* | copy of this Order and, as a condition to disclosure, must sign Exhibit A |
| *14* | hereto; and |
| *15* | (f) independent contractors, outside consultants, and experts and |
| *16* | their staff consulted or retained by a party or by counsel for a party for the |
| *17* | purpose of assisting in the prosecution or defense of the action, provided |
| *18* | that such persons shall be given a copy of this Order, advised that they are |
| *19* | bound by it, and sign Exhibit A. |
| *20* | (g) all in-house attorneys employed by parties (and/or affiliates |
| *21* | of parties) who have responsibility for maintaining, defending, or |
| *22* | evaluating this litigation and any employees working under their direction |
| *23* | whose duties and responsibilities require access to such materials. |
| *24* | 7. Discovery materials designated "Attorneys' Eyes Only" shall be |
| *25* | treated identically to discovery material designated "Confidential" except no |
| *26* | individual shall be allowed access to "Attorneys' Eyes Only" material pursuant |
| *27* | to Paragraph 6(a). Additionally, no individual shall have access to "Attorneys' |
| *28* | Eyes Only" materials pursuant to paragraph 6(g), except for in-house counsel as |

provided below.

    (a)    The designated in-house counsel is as follows:

For Christian Audigier, Inc.; Nervous Tattoo, Inc.; and Shop on Stage, Inc.: Linda Menzel, Esq.; Alina Landver, Esq.

Prior to receiving any materials designated as "Attorneys' Eyes Only," each designated in-house counsel shall execute an undertaking in the form of Exhibit B hereto. A party may substitute a new in-house counsel designee if its original designee leaves the party's employ, ceases to be involved in the management or oversight of the Action, or for other good cause shown. Either party may request that additional in-house counsel be allowed access to "Attorneys' Eyes Only" material.

    (b)    To the extent consistent with their duties and responsibilities in overseeing and assisting in the conduct of the Litigation, in-house counsel shall limit the amount of material designated as "Attorneys' Eyes Only" maintained on an on-going basis at their offices to that which is necessary in discharging their duties. To the extent that copies of materials designated as "Attorneys' Eyes Only" are maintained at the offices of in-house counsel, those materials shall be maintained in a secure location inaccessible to persons unauthorized to see such material pursuant to this Order. Any in-house counsel designated pursuant to this Paragraph shall execute an acknowledgement of his or her responsibilities under this Order in the form attached hereto as Exhibit B.

8.    Before any person may be given access to Confidential Information under Paragraph 6(f), the party seeking to provide such access must give written notice to the attorneys for the designating party of the intention to make such disclosure, providing the name, business address, and a resume of the background and qualifications of the person to whom disclosure is proposed. Within ten (10) days from the service of said notice, a designating party having

-4-

1 reasonable grounds to object to such disclosure may serve a written objection, stating the reasons for the objection.  No disclosure of Confidential Information to such person may occur prior to the expiration of ten (10) days from the date of service of written notice of intention to disclose unless consent is granted earlier by the designating party.  When a designating party objects to disclosure under this paragraph, the party seeking to make the disclosure must move for leave of Court to make the disclosure and may not make such disclosure without an order of the Court authorizing the disclosure.  In the event of an objection, the party objecting to disclosure shall bear the burden to show that disclosure should not be allowed.  The requirement of pre-disclosure notice shall not apply to litigation consultants – such as trial consultants, graphics firms, and the like – who are retained to support outside counsel and who are not engaged in the business of designing or manufacturing clothing.

**MANNER OF DESIGNATING MATERIALS AND TESTIMONY**

9. Any producing party may designate discovery material as "Confidential" or "Attorneys' Eyes Only" by affixing in a conspicuous place the legend "Confidential" or "Attorneys' Eyes Only" on any discovery material that it believes contains information specified in Paragraphs 3-5 above.  Such designation shall, to the extent possible, be made at the time the discovery materials are produced.  If, however, a producing party determines that discovery material containing information specified in Paragraphs 3-5 above has inadvertently been produced previously without a "Confidential" or "Attorneys' Eyes Only" designation, that producing party may so designate such information for going-forward purposes by providing properly marked copies of the materials to all other parties with instructions that such other parties shall either destroy or return all copies of the previously produced but undesignated materials they may have.

/ / /

10. Counsel for any producing party may designate so much of any transcript of any deposition as "Attorneys' Eyes Only" or "Confidential" as contains the types of information specified in Paragraphs 3-5 above by making a statement on the record during the course of the deposition or by giving written notice within thirty (30) days of receipt of the transcript of the deposition to the court reporter and all other parties. Until such time as the time period for making designations passes, all parties shall treat the deposition transcript as "Confidential."

11. To the extent deposition testimony, other pretrial testimony or statements are designated as "Confidential" or "Attorneys' Eyes Only" pursuant to Paragraphs 3-5 above, and to the extent discovery material designated "Confidential" or "Attorneys' Eyes Only" is disclosed, or otherwise communicated to a person in a deposition, the court reporter shall affix the appropriate legend on the face of the transcript and shall indicate in a prominent place the specific transcript pages and/or exhibits that have been designated "Confidential" or "Attorneys' Eyes Only."

12. A deponent shall not be permitted to retain copies of materials labeled "Confidential" or "Attorneys' Eyes Only" unless the deponent is otherwise entitled to receive and retain such copies under the terms of this Order. A deponent's counsel shall not be permitted to retain any copies of "Confidential" or "Attorneys' Eyes Only" discovery material unless such counsel represents one of the parties in this action or is otherwise entitled to receive and retain such copies under the terms of this Order. Nothing in this paragraph shall prevent a deponent or a deponent's counsel from having reasonable access to the deponent's deposition and exhibits marked or used therein for purposes of reviewing and signing the deposition, preparing to testify further in this action, or for other purposes specifically agreed to by the parties.

/ / /

13. At any deposition session, when counsel for a party believes that a question or answer will result in the disclosure of information with respect to his or her client that may legitimately be designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the provisions of Paragraphs 3-5 above, counsel, at his or her option, may request that all persons except the deponent, reporter, counsel for the parties, counsel for the deponent, and other individuals authorized to receive disclosure, leave the deposition room during the portion of the deposition that counsel believes will result in the disclosure of confidential information. The failure of any person other than the deponent, reporter, counsel (including counsel for the deponent), and other individuals authorized to receive disclosure to comply with a request of this type shall constitute substantial justification for the objecting counsel to require that the question be withdrawn pending application to the Court for an appropriate protective order.

14. Producing parties may designate discovery material produced in the form of electronic media, such as computer disks and tapes as "Confidential" or "Attorneys' Eyes Only" in accordance with the provisions of this Order. Any hard copies generated from electronic media designated as "Confidential" or "Attorneys' Eyes Only" shall be treated in the same way they would be treated under this Order if they originally were produced in hard copy. All persons who use or review the designated electronic media or hard copies thereof shall be instructed to comply with the provisions of this Order. Any party printing hard copies from electronic media and using those hard copies outside the party's own offices shall mark the hard copies as "Confidential" and/or "Attorneys' Eyes Only."

**OBJECTIONS TO DESIGNATION**

15. If any party objects to a party's or nonparty's designation of discovery material as "Confidential" or "Attorneys' Eyes Only," based upon a good faith belief that the discovery material is not entitled to such protection,

-7-

counsel for the objecting person shall state the objection by letter to counsel for the designating party or nonparty. Upon receipt of the letter containing such objection, counsel for the party that designated such discovery material shall have ten (10) business days to confer with counsel for the objecting party and respond to the request and objections. If, at the end of the ten-day period, the objecting and designating parties are unable to agree on the propriety of the objected-to designation(s), the objecting party may apply to the Court for an order changing, removing, or reviewing the designation. The designating party shall have ten (10) business days to respond to such application and shall have the burden of demonstrating that the designation was proper under the terms of this Order. Any discovery material that has been designated "Confidential" or "Attorneys' Eyes Only" shall be treated as if properly designated until such time as the Court rules that such discovery should not be so treated.

16. All signed Agreements to be bound by the Protective Order (Exhibits A and B, attached hereto) including agreements executed by consultants and non-testifying experts of the parties to this litigation, shall be deemed the work product of counsel obtaining them and shall not be disclosed unless so ordered by the Court.

17. To the extent any "Confidential" or "Attorneys' Eyes Only" discovery material is filed with the Court during this action, it shall be so filed in sealed envelopes marked with the style of this action and bearing a statement substantially in the following form:

**CONFIDENTIAL**

**FILED UNDER SEAL PURSUANT TO**

**A PROTECTIVE ORDER OF THE COURT DATED _____, 2009**

**or**

/ / /

/ / /

-8-

**ATTORNEYS' EYES ONLY**

**FILED UNDER SEAL PURSUANT TO**

**A PROTECTIVE ORDER OF THE COURT DATED _____, 2009**

If filed in the Court, the envelope shall be maintained by the Clerk of the Court as sealed and shall not be opened without further Order of the Court.

18.  Nothing herein shall be construed to affect in any way the admissibility of any evidence at trial in any pretrial hearing or other proceedings.

19.  Nothing herein shall preclude any party from asserting, if applicable, the attorney-client privilege, a claim of work product protection, or any other applicable privilege or protection as to any discovery material the production of which is sought by any other party, or to assert any defense or objection to the use of such information at trial.

20.  Nothing in this Order shall prevent or restrict counsel from rendering legal advice to the named parties or any other parties which counsel may represent with respect to this action and, in the course thereof, referring or relying generally on counsel's examination of discovery material, but without disclosing the specific content of any discovery material which disclosure shall be contrary to the terms of this Order.

## REVOCATION OF CONFIDENTIAL STATUS

21.  Any party or nonparty that has designated any discovery material as "Confidential" or "Attorneys' Eyes Only" pursuant to this Order may consent that the confidential status of such discovery material be removed or revoke such designation by so notifying counsel for all other parties in writing or by so stating on the record at any hearing or deposition, provided that any such revocation shall not prejudice or otherwise affect the right any other party may have to designate the same discovery material as "Confidential" or "Attorneys' Eyes Only".

22. If any designation of discovery material as "Confidential" or "Attorneys' Eyes Only" is withdrawn voluntarily or by Order of this Court, all other parties to the action shall be notified of such change.

## INADVERTENT WAIVER

23. The inadvertent production of any discovery material by any party shall be without prejudice to any subsequent claim by the producing party that such discovery material is privileged or attorney-work product and shall not be deemed a waiver of any such privilege or protection. If, after discovery materials are disclosed, a producing party notifies all receiving parties of a claim that materials are protected by the attorney-client privilege or work-product doctrine or any other applicable privilege or protection, the receiving party shall not make any use of the contested material and shall return to the producing party all copies thereof presently in its possession. Nothing in this provision shall be construed to prevent or restrict any party's right to object to the propriety of any other's assertion that materials are properly protected by the attorney-client privilege or work-product doctrine, or any other applicable privilege, or protection.

24. Within ninety (90) days after the conclusion of all proceedings in this action, whether by judgment, settlement, or otherwise, all documents governed by the terms of this Order and all copies of such documents not on file with the Court shall, upon written request of the producing party, be returned to counsel for the producing party at its expense, or else destroyed. Counsel and any recipient(s) shall provide written notice to the supplier of the confidential information of such return or destruction. Notwithstanding the foregoing, outside counsel for any party may retain in conformity with this Order copies of any document served or filed in this litigation, including the pretrial record.

/ / /

/ / /

## CONTINUING EFFECT AND JURISDICTION; MODIFICATION OF ORDER

25. Nothing herein shall prevent any party, or third party, on notice to all parties, from applying to the Court for a modification of this Order.

26. This Order shall remain in effect until such time as it is modified, amended, or rescinded by the Court and shall survive the termination of this action. ~~The Court shall have continuing jurisdiction to modify, amend, or rescind this Order notwithstanding the termination of this action.~~

27. Nothing herein should be construed to subject the personnel of the United States District Court for the Central District of California to any of the restrictions set forth in this Protective Order.

IT IS SO ORDERED:

Dated: July 7, 2009                         /s/
                                   Honorable Jeffrey W. Johnson
                                   U.S. MAGISTRATE JUDGE

*1* **EXHIBIT A**

*2*     I have read and understand the Protective Order entered in the matter of *3* *Bryan Callan v. Christian Audigier, Inc., et al.,* Case No. CV 08-8072 GW *4* (JWJx), and agree to be bound by and abide fully with the terms of such order. I *5* further understand that failure to abide fully with the terms of such protective *6* order may lead to sanctions being imposed by the court, and submit myself to *7* the Court's jurisdiction for purposes of enforcement of the Protective Order.

*8*

*9*                                                   _____
*10*                                                   Signature

*11*                                                   _____
*12*                                                   Name (Printed)

*13*
                                                  _____
*14*                                                   Party Supplying Material

*15*
                                                  _____
*16*                                                   Date

*17*

*18*

*19*

*20*

*21*

*22*

*23*

*24*

*25*

*26*

*27*

*28*

# EXHIBIT B

I am in-house counsel for _____ and have responsibility for the oversight and management of the representation of _____ in the matter of *Bryan Callan v. Christian Audigier, Inc., et al.,* Case No. CV 08-8072 GW (JWJx) (the "Litigation").  I have read the Protective Order in the Litigation and agree to be bound by and abide fully with the terms of such order.  I agree further that I will maintain any materials in my possession designated by another party as "Confidential" or "Attorneys' Eyes Only" in a secure location, inaccessible to persons unauthorized to see such information pursuant to the Protective Order. I further understand that failure to abide fully with the terms of the Protective Order may lead to sanctions being imposed by the Court.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Signature

_____
Name (Printed)

_____
Date

6856547_2

-13-